UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAKIA R. SIMMONS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INDIANA PLK, LLC,<br><br>　　　　Defendant. | )<br>)<br>)<br>)　CAUSE NO:   1:20-cv-0898<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case.**

1. Plaintiff, Takia R. Simmons ("Simmons"), by counsel, brings this Complaint and Demand for Jury Trial against Defendant, Indiana PLK, LLC ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981.

**II.  Parties.**

2. Simmons is a United States citizen who lives within the geographic boundaries of the Southern District of Indiana, Indianapolis Division.

3. Defendant is a domestic limited liability company that has maintained offices and conducted business within the geographic boundaries of the Southern District of Indiana, Indianapolis Division at all relevant times to this action.

**III. Jurisdiction and Venue.**

4. This Court has subject matter jurisdiction over Simmons' claims pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

5. Defendant is an "employer" as that term is defined 42 U.S.C. § 2000e(b).

6. Simmons was an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

7. Simmons is a "person" under 42 U.S.C. § 1981.

8. Simmons held an employment relationship with Defendant under 42 U.S.C. § 1981. Simmons' employment relationship with Defendants was contractual in nature under 42 U.S.C. § 1981.

9. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana; thus, venue is proper in this Court.

10. Simmons satisfied her obligation to exhaust administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Simmons, having received the appropriate Notices of Right to Sue, brings this action within ninety (90) days of his receipt thereof.

### IV. Factual Allegations.

11. Defendant hired Simmons on June 11, 2016. At the time of her termination Simmons' position was that of Shift Manager.

12. Simmons is African-American.

13. Throughout her employment, Simmons continuously met the legitimate and reasonable expectations associated with her position.

14. Throughout 2018 and up to her termination on March 1, 2019, Defendant subjected Simmons to a hostile work environment based on her race. More specifically, Heather Horton (Caucasian) and Julia Klepfer (Caucasian) continually made racist and racially hostile remarks directed toward Simmons and others.

15. Horton, a cashier, routinely used the "N-word" in Simmons' presence and/or directly referring to Simmons and other African-American employees. In or around June 2018, Simmons complained of the racially hostile environment created by Horton to Carl Loftis, General Manager,

and Chris Rapson, District Manager.  However, Defendant failed and/or refused to take corrective action.

16. Klepfer, whose position was Store Manager until her November 2018 promotion to General Manager, also routinely used the "N-word" ins Simmons' presence and/or directly referring to Simmons and other Africa-American employees.  Klepfer referred to one African-American employee as the "'N-word' bitch in the drive through" and stated that "all you 'N-words' are the same; thieves."

17. Beginning in September 2018 through the end of her employment, Simmons verbally (and sometimes through text) complained numerous times to Bruce Wiles, District Manager, regarding the racially hostile work environment created by Horton and Klepfer.  Wiles indicated that he would investigate and pass it on to human resources, but he never did.

18. Despite Simmons' repeated complaints, Defendant failed to take reasonable care to prevent and correct promptly the racially harassing behavior.  In fact, Klepfer's and Horton's behavior continued and they would often together make racially offensive comments.  In addition to the comments mentioned above, Horton referred to Simmons and other African-American employees as "a bunch of monkeys" and stated that "black does crack."

19. On March 1, 2019, Defendant terminated Simmons for the alleged reason that she allowed an African-American employee to be disrespectful toward Horton without intervening or recommending discipline for the African-American employee.

20. Defendant's stated reason for Simmons' termination is, at best, pretext for unlawful discrimination and/or retaliation and, worst, an admission that Caucasians are treated more favorably by Defendant.

## V.  Legal Allegations.

### Count I – Title VII Race Discrimination/Harassment.

21. Simmons incorporates paragraphs 1 through 20 of this Complaint as if stated fully herein.

22. Defendant terminated Simmons because of her race, and otherwise subjected Simmons to a hostile work environment because of her race.

23. Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

24. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Simmons' federally protected civil rights.

25. Simmons has and continues to suffer harm as a result of Defendant's unlawful actions.

### Count II – Title VII Retaliation.

26. Simmons incorporates paragraphs 1 through 25 of this Complaint as if stated fully herein.

27. Simmons engaged in protected activity under Title VII.

28. Defendant terminated Simmons in retaliation for exercising her rights under Title VII.

29. Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

30. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Simmons' federally protected civil rights.

Case 1:20-cv-00898-SEB-TAB   Document 1   Filed 03/20/20   Page 5 of 7 PageID #: 5</s

31. Simmons has and continues to suffer harm as a result of Defendant's unlawful actions.

### Count III – Section 1981 Race Discrimination/Harassment.

32. Simmons incorporates paragraphs 1through 31 of this Complaint as if stated fully herein.

33. Defendant terminated Simmons because of her race, and otherwise subjected Simmons to a hostile work environment because of her race.

34. Defendant's actions violate 42 U.S.C. § 1981.

35. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Simmons' federally protected civil rights.

36. Simmons has and continues to suffer harm as a result of Defendant's unlawful actions.

### Count IV – Section 1981 Retaliation.

37. Simmons incorporates paragraphs 1 through 36 of this Complaint as if stated fully herein.

38. Simmons engaged in protected activity under 42 U.S.C. § 1981.

39. Defendant terminated Simmons in retaliation for exercising her rights under 42 U.S.C. § 1981.

40. Defendant's actions 42 U.S.C. § 1981.

41. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Simmons' federally protected civil rights.

42. Simmons has and continues to suffer harm as a result of Defendant's unlawful actions.

5

## VI. Relief Requested.

1. Simmons seeks reinstatement. Alternatively, Simmons seeks front pay in lieu thereof.

2. Simmons seeks injunctive relief to bar Defendant from further acts in violation of Title VII and § 1981.

3. Simmons seeks back pay, unpaid and lost wages, lost benefits, and all other lost financial harm as a result of Defendant's violations of the Title VII and § 1981.

4. Simmons seeks compensatory and punitive damages under the Title VII and § 1981.

5. Simmons seeks payment of her reasonable attorney fees and costs associated with this action.

7. Simmons seeks pre-judgment and post-judgment interest on all sums recoverable.

8. Simmons seeks any and all other legal and equitable relief to which she is entitled.

Respectfully submitted,

s/ *Craig M. Williams*
Craig M. Williams
FOX WILLIAMS & SINK, LLC
6177 N. College Ave.
Indianapolis, Indiana 46220
cwilliams@fwslegal.com

Phone: 317-254-8500

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

The Plaintiff, Takia R. Simmons, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

    s/ *Craig M. Williams*
    Craig M. Williams